CLARK, AUSTIN & SMITH, plaintiffs in error, vs. WM. KAY, defendant in error.

Any liquidation of the damages to be paid, for the mere non-payment of money must, of necessity, be in violation of the law fixing the interest to be paid, for the use, or the detention, of money; that liquidation excepted, by which the sum to be paid would be not greater, than the sum which would be to be paid by this law.

Debt, in Fulton Superior Court. Tried before Judge BULL, April Term, 1858.

The facts of this case are stated in the opinion delivered by the Court.

THOMAS L. COOPER, for plaintiffs in error.

A. W. HAMMOND & SON, contra.

Clark, Austin & Smith vs. Kay.

*By the Court.*—BENNING J. delivering the opinion.

The plaintiffs in error, sued the defendant in error, upon a bond of which the following is a copy:

" GEORGIA, Fulton county.

I, William Kay of the county and State aforesaid, for and in consideration of my liability unto Messrs. Clark, Austin & Smith, of the city of New York, upon the five original notes of which, the above and foregoing are true copies," (the copies being, one, for $500, payable at seven months after date; one, for $550 50, payable at four months after date; one, for $420 50, payable eight months after date; one, for $550 50, payable at five months after date; one, for $508 75, payable at three months after date;) " as well as, in consideration of the withdrawal of their suit now pending against me, in the Superior Court of said county, upon the two first mentioned notes above, and in consideration of their forbear-. ance to sue the three last mentioned notes above, and also, in consideration of the sum of ten dollars to me in hand paid, by the said Clark, Austin & Smith, the receipt whereof is hereby acknowledged,—do, by these presents, agree with, and promise unto, the said Clark, Austin & Smith, to pay the original of the said foregoing notes, in the following manner; to-wit, I promise to pay unto them, or their agent in Atlanta, the sum of two hundred and fifty dollars, on each and every month, beginning with the present month of April eighteen hundred and fifty-five, and continuing so to pay the sum of two hundred and fifty dollars, monthly, until all of said notes are paid off and discharged in full; said payments to be made on said notes in the order of their several maturities; that is to say, the first notes due, to be first paid, and said payments to be made at some time during each and every month, and, on, or before, the last day of every month ; and I do hereby promise unto the said Clark, Austin & Smith, that, in case, I should not make the monthly payments on said notes of two hundred and fifty dollars, promptly and

punctually, on or before the last day of each month, according to the true intent and meaning of these presents, then, and in that case, I hereby promise to pay unto the said Clark, Austin & Smith, the sum of two hundred and fifty dollars, for every failure to make the above mentioned payments, monthly; which sum of two hundred and fifty dollars, upon my default, as aforesaid, I promise to pay unto them, not, as a penalty, but as liquidated damages, assessed, and hereby, agreed upon, in addition to the amount that may at any time, be due upon said notes; said sum of two hundred and fifty dollars hereby agreed upon as liquidated damages, for any and every of my defaults, in making said payments, as aforesaid, to be recovered in any Court of Law, or Equity, having proper jurisdiction thereof. All of which, for the various considerations above mentioned, I hereby promise to the said Clark, Austin & Smith, this eleventh day of April, eighteen hundred and fifty-five. In testimony whereof, I have hereunto affixed my hand and seal."

[Signed]					"WILLIAM KAY."

The declaration alledged, that Kay had failed to make the monthly payments of $250, in, and for, October, November, and December, 1855, and January, 1856.

The Court charged the jury, that the plaintiffs could not recover in their action, because the sum aforesaid of $250, to be paid for every default in a monthly payment, was not in the nature of liquidated damages, but was a penalty, which the plaintiffs could not recover, upon a breach of the conditions of the bond; and, the action being for the recovery of said penalty, the Court instructed the jury, to find for the defendant. To this charge and instruction, the plaintiffs excepted.

Was this course of the Court, right?

"It is well settled, that no damages for the mere non-payment of money, can ever be so liquidated between the parties, as to evade the provisions of law which fix the rate of interest." This is the remark of Sedgewick, in his work on

the measure of damages (*p.* 400,) and we think the remark, true.    See *Orr vs. Churchill*, 1 *H. Black.*, 233, and the other cases cited by him, (400 *et seq.*)    Of course the remark is to be taken with the qualification, if the damages stipulated for *exceed* the sum which the law fixing the rate of interest, would give.

Of the many cases cited by Mr. Cooper, for the plaintiffs in error, not one, was a case opposed to the proposition contained in the remark.

In the present case, the sums which the bond calls, "liquidated damages," were to be the damages for failure to pay mere money; and they greatly exceed the sums which, the interest law would require to be paid for such failures.  The stipulation to pay them comes, therefore, in conflict with the provision of that law.  (See *Cobb Dig.*, 393.)

It follows, that these sums cannot be recovered as liquidated damages.   See 17 *Ga. R.*, 609.

We think, then, that the Court was right.

Judgment affirmed.